# UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF FLORIDA

## TAMPA DIVISION

| | |
|---|---|
| LORI CHAVEZ-DEREMER ) <br> Secretary of Labor, ) <br> United States Department of Labor ) <br> ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v.  ) <br> ) <br> BEAU N MO, LLC, ) <br> d/b/a BEAU AND MO'S ITALIAN ) <br> STEAKHOUSE, ) <br> ROBERT WALLACE, an individual, and ) <br> MADONNA WALLACE, an individual. ) <br> ) <br> *Defendants*. ) | CASE No. <br><br><br><br><br><br>**COMPLAINT** <br><br><br><br><br> **(Injunctive Relief Requested)** |

Plaintiff, Lori Chavez-DeRemer, Secretary of Labor, United States Department of Labor ("the Secretary"), brings this action under Section 217 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (FLSA), to enjoin and restrain Defendants Beau N Mo, LLC d/b/a Beau and Mo's Italian Steakhouse, Robert Wallace, and Madonna Wallace (collectively "Defendants" ) from violating provisions of. §§ 7 , 11, 15(a)(2) and 15(a)(5) including: (a) the restraint of any withholding of payment of overtime compensation found by the court to be due to Defendants' employees; and (b) the restraint of any failure to make, keep, and preserve records of the persons employed by Defendants,

1

including records of the wages, hours-worked, and other employment conditions and practices maintained by Defendants. The Secretary further seeks under Sections 15(a)(2) and 16(c) of the FLSA, 29 U.S.C. §§ 215(a)(2) and 216(c) to recover unlawfully kept tips and unpaid overtime compensation owed to certain employees of Defendants, who, at a minimum, include the individuals listed in the attached Appendix A.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 29 U.S.C. §§ 216 and 217, and 28 U.S.C. §§ 1331 and 1345, to enjoin violations of the FLSA, restrain the withholding of back wages due under the FLSA, and award additional amounts equal to back wages due as liquidated damages.

2. Venue lies in the United States District Court, Middle District of Florida, Tampa Division, under 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

## DEFENDANTS

3. Beau N Mo, LLC d/b/a Beau N Mo's Italian Steakhouse is a Florida corporation licensed to do business in Florida, having a place of business and doing business in Pinellas County, Florida.

4. Robert Wallace, an individual doing business in Pinellas County, Florida, at all times hereinafter mentioned, is an owner of Beau N Mo's Italian Steakhouse. He is the corporation's manager, has hiring and firing authority over employees, and has acted directly and indirectly in the interest of Defendant Beau N' Mo in relation to its employees

5. Robert Wallace is and has been an employer of Defendant Beau N Mo's employees within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

6. Madonna Wallace, an individual doing business in Pinellas County, Florida, at all times hereinafter mentioned, is an owner of Beau N Mo's Italian Steakhouse. She has hiring and firing authority over employees, and has acted directly and indirectly in the interest of Defendant Beau N' Mo in relation to its employees

7. Madonna Wallace is and has been an employer of Defendant Beau N Mo's employees within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

## BEAU N MO'S ITALIAN STEAKHOUSE IS AN ENTERPRISE ENGAGED IN COMMERCE

8. At all relevant times, Defendants engaged in related activities performed either through unified operation or common control for a common business purpose, which constitutes an enterprise under 29 U.S.C. § 203(r).

9. These activities included making, preparing, and selling food in furtherance of Defendants' business purpose, under 29 U.S.C. § 203(r).

10. At all relevant times, Defendants employed employees handling, selling or otherwise working on food and supplies that have been moved in or produced for commerce.

11. At all relevant times, Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

12.     Therefore, Defendants constitute an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

## VIOLATIONS OF THE ACT

13.     Since at least December 4, 2022, Defendants repeatedly and willfully violated § 3(m)(2)(B) of the Act by retaining tips received by its servers. Because Defendants unlawfully kept the tips of employees identified in the attached Appendix A, as well as other employees that are not yet known to the Secretary, Defendants violated § 3(m)(2)(B) of the Act.

14.     Defendants repeatedly and willfully violated 29 U.S.C. §§ 207 and 215(a)(2) by employing employees longer than 40 hours without compensating such employees for their hours-worked in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed. Specifically, Defendants violated the FLSA by failing to compensate certain employees for hours worked in excess of forty (40) in a workweek at rates not less than one and one-half times their regular rates.

15.     Since at least December 4, 2022, Defendants willfully and repeatedly violated 29 U.S.C. §§ 211 and 215(a)(5), and 29 C.F.R. § 516, by failing to make, keep, and preserve adequate and accurate records of the persons employed and of the wages, hours, and other conditions and practices of employment maintained by them, as required. Specifically, Defendants failed to make, keep and preserve

adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed in the aforesaid Regulations.

## PRAYER FOR RELIEF

Wherefore, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1)  For an Order issued under 29 U.S.C. § 217, permanently enjoining and restraining Defendants, its officers, agents, servants, employees, and all persons in active concert or participation with Defendants who receive actual notice of any such Order, from violating 29 U.S.C. §§ 215(a)(2) and 215(a)(5), including the restraint of any withholding of payment of back wages or overtime compensation found by the court to be due to employees (regardless of whether the employees are named in the Appendix A or not);

(2)  For an Order issued under 29 U.S.C. § 216, finding Defendants jointly and severally liable for retained tips and unpaid overtime compensation, as well as an award of an equal amount as liquidated damages, due to:

> (a) current and former employees listed in the attached Appendix A since December 4, 2022;
>
> (b) current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to the Appendix A;

(3) For an Order of prejudgment interest on all amounts found to be owed

by Defendants under Section 217 of the Act, computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621; and

(4) For such other and further relief as may be necessary and appropriate including costs of this action.

| | |
|---|---|
| ADDRESS: | JONATHAN BERRY<br>Solicitor of Labor |
| Office of the Solicitor<br>U.S. Department of Labor<br>61 Forsyth Street, Room 7T10<br>Atlanta, GA 30303<br>Telephone: (404) 302-3971 | TREMELLE I. HOWARD<br>Regional Solicitor<br><br>KRISTIN R. MURPHY<br>Wage and Hour Counsel |
| monzon.madison.j@dol.gov<br>atl.fedcourt@dol.gov | By:/s/ *Madison J. Monzon*<br>   MADISON J. MONZON<br>   Trial Attorney<br>   Lead Counsel[1]<br>   Florida Bar No. 1048846 |

SOL Case No. 25-00628

---

[1] Pursuant to Local Rule 2.02, Plaintiff designates Madison J. Monzon as Lead Counsel.

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2026, a copy of the foregoing Complaint was served on the parties listed below via the Court's CM/ECF system and sent via e-mail to the following counsel for Defendants:

Ben Cristal
Cristal Law Group
bcristal@cristallawgroup.com

/s/ Madison J. Monzon
MADISON J. MONZON
Trial Attorney
Office of the Solicitor
U.S. Department of Labor
monzon.madison.j@dol.gov
Atlanta Docket
atl.fedcourt@dol.gov

SOL Case No. 25-00628